IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIGUEL UMANA
    914 Longfellow St. NW
    Washington, D.C. 20011

*On Behalf of Himself and
All Others Similarly Situated*

        Plaintiff,

    v.                        Case No. _____

DONALD CHIN
    1323 4th Street N.E.
    Washington, D.C. 20002

GINA CHIN
    1323 4th Street N.E.
    Washington, D.C. 20002

and

SOLID GOLD, INC. A/K/A DONALD
CHIN SUPPLY COMPANY
    Serve: D.C. Registered Agent, Inc.
    1120 20th Street NW
    Washington, D.C. 20036

        Defendants.

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Miguel Umana ("Plaintiff"), by and through his undersigned counsel, hereby submits this Complaint against Defendants, Donald Chin, Gina Chin, and Solid Gold, Inc. ("Defendants"), for violations of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") and the Washington D.C. Minimum Wage Act, D.C. Code § 32-1001 *et. seq.* (hereinafter "DCMWA").

## PARTIES, JURISDICTION, AND TOLLING

1. Plaintiff is over twenty-one years of age and a resident of the District of Columbia. Plaintiff's consent to participate as party Plaintiff in a FLSA collective action is attached hereto as Exhibit 1.

2. Gina Chin is over twenty-one years of age and, upon information and belief, a resident of the State of Virginia.

3. Donald Chin is over twenty-one years of age and, upon information and belief, a resident of the State of Virginia.

4. Solid Gold, Inc. a/k/a Donald Chin Supply Company ("Solid Gold") is a corporation formed under the laws of the District of Columbia with its principal office in the District of Columbia.

5. At all times relevant to this action - May 16, 2010 through the present – Solid Gold continuously operated in the District of Columbia.

6. At all times relevant, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA - 29 U.S.C. § 203(s)(l).

7. At all times relevant, Defendants qualified as an "enterprise" within the meaning of the FLSA - 29 U.S.C. § 203(r).

8. At all times relevant, Defendants employed two or employees who handled goods that had previously moved through commerce.

9. At all times relevant, Defendants had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

10. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 - Federal Question.

11. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

12. Counsel for Plaintiff discussed settlement of this matter with counsel for Defendants. On May, 16, 2013, Defendants, through counsel, agreed to toll the statute of limitations from May 16, 2013 until June 16, 2013. (Tolling Agreement, May 16, 2013, attached as Ex. 2.) On June 14, 2013, the Defendants agreed, through counsel, to further extend the tolling of the statute of limitations through July 1, 2013. (Tolling Agreement, June 14, 2013, attached as Ex. 3.)

## FACTS

13. Solid Gold is business that engages in the wholesale selling of meats, vegetables, and a variety of other items. Solid Gold mostly deals with local restaurants.

14. At all times during the relevant period, Gina Chin was the manager and, upon information and belief, the owner of Solid Gold.

    a. At all times during the period of Plaintiff's employment, Gina Chin had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

    b. At all times during the period of Plaintiff's employment, Gina Chin supervised the work duties of Plaintiff to ensure his work was of sufficient quality.

    c. At all times during the period of Plaintiff's employment, Gina Chin set and controlled the work schedule of Plaintiff or had the power to set and control Plaintiff's work schedule.

  d. At all times during the period of Plaintiff's employment, Gina Chin set and determined the rate and method of pay of Plaintiff or had the power to set and determine the rate and method of Plaintiff's pay.

  e. At all times during the period of Plaintiff's employment, Gina Chin controlled, and was in charge of, the day-to-day operations of Solid Gold.

  15. At all times relevant to this matter, Donald Chin was the co-manager of Solid Gold. Donald Chin is husband of Gina Chin and, upon information and belief, the co-owner of Solid Gold.

  a. At all times during the period of Plaintiff's employment, Donald Chin had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

  b. At all times during the period of Plaintiff's employment, Donald Chin supervised the work duties of Plaintiff to ensure his work was of sufficient quality.

  c. At all times during the period of Plaintiff's employment, Donald Chin set and controlled the work schedule of Plaintiff or had the power to set and control Plaintiff's work schedule.

  d. At all times during the period of Plaintiff's employment, Donald Chin set and determined the rate and method of pay of Plaintiff or had the power to set and determine the rate and method of Plaintiff's pay.

  e. At all times during the period of Plaintiff's employment, Donald Chin controlled, and was in charge of, the day-to-day operations of Solid Gold.

  16. Miguel Umana worked for Defendants from roughly March 15, 2004 to April 9, 2013. He worked as general helper and laborer. During the three years prior to May 16, 2013, Defendants paid Plaintiff $530.00 per week.

a. During the three years prior to May 16, 2013, Miguel Umana typically and customarily worked, on average, about sixty-two (62) hours per week. He worked from Monday through Saturday.

b. During this time, Defendants had knowledge that Mr. Umana worked, on average, about sixty-two (62) hours per week or suffered or permitted him to work sixty-two (62) hours per week.

c. At all times throughout the course of Mr. Umana's employment, Defendants paid Plaintiff a salary, regardless of the number of hours Plaintiff worked each week. However, if Plaintiff missed an entire day, Defendants would discount him for the missed day. At no time during Mr. Umana's employment did Defendants pay him at the rate of one-and-one-half (1½) times his regular rate of pay for hours worked each week in excess of forty (40).

17. Additionally, Defendants made fraudulent receipts and timecards that were presumably meant to hide the fact that Defendants were not paying Plaintiff overtime. These receipts often showed that Plaintiff worked 48 hours per week, he was receiving an hourly wage of $8.25, and was receiving an overtime rate of $12.37 - for a total of $429.00. In fact, Plaintiff was receiving a salary of $530.00 (more than that shown on the receipts) and was working much more than 48 hours per week.

18. At no time did Plaintiff perform work that meets the definition of exempt work under the FLSA or the DCMWA.

19. Defendants' failure to pay Plaintiff overtime, as required by the FLSA and the DCMWA, was willful, intentional, and not in good faith.

## OTHER PUTATIVE PLAINTIFF

20. Plaintiff is aware of at least thirty (30) other current and former employees of Defendants who are similarly situated and who should have the opportunity to "opt-in" to this action to assert their rights to unpaid overtime wages under the FLSA against Defendants.

21. Other putative Plaintiffs that should be notified of their right to "opt-in" to this action, including all current or past employees of Defendants at anytime between July 1, 2010 through the present that: (1) worked overtime while employed by Defendants; (2) were not paid time and half their regular rate for overtime hours by Defendants as prescribed by FLSA; and (3) did not perform work duties which would qualify them as exempt from the overtime pay requirement of the FLSA.

22. Plaintiff has personal knowledge that other current or former employees of Defendants have not yet joined this action either (1) because they are not aware of their rights to receive overtime pay under the FLSA or (2) because they are afraid that if they "opt-in" and assert their rights to overtime compensation under the FLSA they will be retaliated against by Defendants.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

23. Plaintiff realleges and reasserts each and every allegation set forth in the paragraphs above, as if each were set forth herein.

24. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

25. Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1).

26. Defendants were the "employers" of Plaintiff under the FLSA, 29 U.S.C. § 207(a)(2).

27. Defendants were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times his regular rate for all hours worked per week in excess of forty (40).

28. As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours.

29. As set forth above, while in Defendants' employ, Defendants failed and refused to compensate Plaintiff at the FLSA required overtime rate equal to one-and-one-half (1½) times their regularly hourly rate for overtime hours worked each week.

30. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
**Violation of Washington, D.C. Minimum Wage Act**
**(Overtime)**

31. Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

32. At all times relevant to this Complaint, Defendants violated the Overtime Provisions of the District of Columbia Minimum Wage Act by failing to pay Plaintiff the time and a half for all hours Plaintiff worked over forty (40) that he worked in a particular workweek.

33. Defendants were, at all times relevant to this complaint, "employers" of Plaintiff within the meaning of the DCMWA.

34. Plaintiff worked over 40 hours per week, virtually every week, during the time Plaintiff worked for Defendants.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Michael K. Amster
Bar Number: 1001110
Amster Law Firm, LLC
200-A Monroe Street, Suite 305
Rockville, MD 20850
Telephone: 240-428-1053
Fax: 301-424-8732
mamster@amsterfirm.com